UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CRYSTAL JACKSON,

               Plaintiff,

-against-

SHERATON NEW YORK & TIMES SQUARE
HOTEL, and PATRICK ATHY, Director of Human
Resources

               Defendants.
-------------------------------------------------------------X

**MEMORANDUM
DECISION AND ORDER**
19-CV-4099 (AMD) (JO)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 19 2019 ★
BROOKLYN OFFICE

**ANN M. DONNELLY,** United States District Judge:

On July 12, 2019, the *pro se* plaintiff Crystal Jackson brought this complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). The plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is granted. For the reasons set forth below, the complaint is dismissed.

## BACKGROUND

The plaintiff worked for Sheraton New York Times Square Hotel as a Guest Service Agent from 1995 until she was fired in October 18, 2018. (ECF No. 1 at 6.)[1] She claims that she "was subjected to retaliation and discriminated against because of my race (African-American), color, and disability." (*Id.*) According to the plaintiff, she "and a group of co-workers complained to management about the harassment and hostile work environment" that Joannie Acevedo,[2] who is Hispanic, created. (*Id.*) The plaintiff alleges that she was suspended and

---

[1] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

[2] The plaintiff does not specify whether Ms. Acevedo is her supervisor or co-worker.

1

ultimately terminated after she had an "altercation with Ms. Acevedo" on July 7, 2018. (*Id.*) Ms. Acevedo was never terminated, and the plaintiff believes that she was not given a "fair opportunity to explain what happened" before the defendants "took the side of Ms. Acevedo." (*Id.*) Based on these allegations, the plaintiff claims that she has suffered unlawful retaliation and discrimination under Title VII and the ADA based on her race, color, and scoliosis disability. (*Id.* at 4–5.) The plaintiff asks that she be "reinstate[d] to [her] same position," and for her lost wages, "back pay," "union dues," and "pension points." (*Id.* at 7.) The plaintiff also seeks legal fees, and "punitive damages for depression and emotional distress." (*Id.*) On June 18, 2019, the Equal Employment Opportunity Commission issued a Right to Sue letter to the plaintiff. (*Id.* at 9.)

## DISCUSSION

Because the plaintiff is proceeding *pro se*, her pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Even under that standard, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint fails to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant she names. *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). The complaint must include enough facts so that each defendant will understand the nature of the plaintiff's complaint, and whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555-56; *Ricciuti v. New York City Transit Auth*, 941 F.2d 119, 123 (2d Cir. 1991) ("[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]").

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000).

The plaintiff relies on Title VII, which prohibits an employer from discriminating "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). To state a claim under Title VII, a plaintiff must allege that "(1) the employer discriminated against [her] (2) because of [her] race, color, religion, sex, or national origin." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (citation omitted). The plaintiff also brings a Title VII retaliation claim; to sustain such a claim, she must allege that "(1) the employee engaged in a protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal

3

connection between the protected activity and the materially adverse action." *Lynch v. New York State Urban Dev. Corp.*, No. 16–CV–5926, 2018 WL 7918226, at *7 (E.D.N.Y. Aug. 10, 2018).

The plaintiff claims that Ms. Acevedo discriminated against her, but does not allege any factual basis for this accusation, other than that Ms. Acevedo created a "hostile work environment," but does not allege facts that suggest that Ms. Acevedo discriminated against the plaintiff based on her race or color. *See Littlejohn v. City of NY*, 795 F.3d. 297, 311 (2d Cir. 2015) ("The facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation."). Moreover, the plaintiff makes the conclusory statement that she was suspended and fired for reporting Ms. Acevedo's behavior at work, but does not provide a factual basis—such as a chronology—for the assertion. The plaintiff has not adequately pled a Title VII discrimination or retaliation claim.

Nor does the plaintiff establish a discrimination claim under the Americans with Disabilities Act. An ADA discrimination claim survives dismissal where a plaintiff shows that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." *Kinneary v. City of New York*, 601 F.3d 151, 155–56 (2d Cir. 2010) (citation and internal quotation marks omitted); *see McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013) (outlining requirements for prima facie case under the ADA). Other than claiming that she suffers from scoliosis, the plaintiff has not pled any of the required elements to sustain an ADA

claim. The plaintiff does not establish that the defendants must comply with the ADA, that she was qualified to continue to work as a Guest Service Agent, or that she was fired because of her scoliosis.

Because the plaintiff is proceeding *pro se*, the Court grants her leave to file an amended complaint. In order to state a claim for employment discrimination, the plaintiff must allege facts that show that she suffered an adverse employment action because of her race, color, or disability. This means that the plaintiff must detail specific instances of discrimination as well as set forth a timeline that might raise an inference of discrimination. If the plaintiff chooses to file an amended complaint, the new complaint should be captioned as an "Amended Complaint," and use the same docket number as this Order.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The plaintiff is granted leave to file an amended complaint as directed by this Order within 30 days from the date of this Order. No summonses will issue at this time, and all further proceedings will be stayed for 30 days. If the plaintiff does not plead sufficient facts in her amended complaint, or if she does not file an amended complaint within 30 days, the Court will enter judgment.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court respectfully directs the Clerk of Court to send the plaintiff a copy of this order, together with a form complaint for employment discrimination actions and the attached flyer for the Federal *Pro Se* Legal Assistance Project, and note the mailing on the docket.

**SO ORDERED.**

                                              s/Ann M. Donnelly
                                        _____
                                        Ann M. Donnelly
                                        United States District Judge

Dated: Brooklyn, New York
         July 18, 2019

# Federal Pro Se Legal Assistance Project

The Federal Pro Se Legal Assistance Project (the "Project") is a free service offered by the City Bar Justice Center of the New York City Bar Association. The Project provides free information, advice, and limited-scope legal assistance to non-incarcerated, *pro se* litigants in the Eastern District of New York. The Project staff work for the City Bar Justice Center, not for the United States District Court.

### Services We Can Provide:
- Explain federal court procedures and rules involved in your case.
- Provide brief legal counseling.
- Advise you about potential federal claims prior to filing suit.
- Review draft pleadings and correspondence with the court.
- Give referrals to legal, governmental and social services.

### What does "Limited-Scope" Mean?
"Limited-scope" legal assistance means that even though the Project attorney may provide you information, advice, and some legal assistance, she **will not** be the lawyer representing you on your case. You will still act as your own lawyer unless you retain a lawyer on your own.

### Appointments and Hours
The Project attorney meets with pro se litigants by appointment. Our office is located on the ground floor of the Brooklyn courthouse for the Eastern District of New York in Room N-108.

Appointments are available Monday through Thursday.

To schedule an appointment please call **212-382-4729** or stop by the office. We make every effort to return calls within two business days.

---

Cat Itaya, Esq.
*Project Director*
Tel: 212-382-4729

David Preciado
*Project Coordinator*
Tel: 212-382-4743

Federal Pro Se Legal Assistance Project
c/o U.S. District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201
(212) 382-4729
www.citybarjusticecenter.org



CITY BAR JUSTICE CENTER