UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CRYSTAL JACKSON,                                                           MEMORANDUM
                                        Plaintiff,                         AND ORDER
                    - against -
SHERATON NEW YORK                                                          19-CV-4099 (AMD) (JO)
TIMES SQUARE HOTEL,
                                        Defendant.
-----------------------------------------------------------X

James Orenstein, Magistrate Judge:

Defendant Sheraton New York Times Square Hotel ("Sheraton") seeks reconsideration of

my denial of its oral motion to reopen discovery to take the plaintiff's deposition over the objection

of plaintiff Crystal Jackson ("Jackson"). *See* Docket Entry ("DE") 25 (motion); DE 29 (opposition).

For the following reasons, I deny the motion for reconsideration.

I.        Background

I assume the reader's familiarity with the proceedings and summarize them only to the extent

pertinent to the instant motion. At a conference on March 25, 2020, the parties reported that they

had completed written discovery and were ready to proceed with depositions. I directed them to

confer and set a schedule to complete witness depositions over the next four months, after which

they would appear before me for a pretrial conference on July 28, 2020. *See* DE 23.

At the next telephonic conference four months later, the parties reported that they had

neither conferred about a schedule nor deposed any witnesses. Jackson did not perceive a need to

depose anyone and was content to proceed to trial. Sheraton, however, was insistent that it must

depose Jackson and orally moved to reopen discovery for that purpose. *See* DE 24.

I asked why Sheraton had not noticed or moved to compel Jackson's deposition during the

discovery period. The attorney who had appeared for Sheraton at the conference, Keya Denner

("Denner"), responded by noting that the COVID-19 pandemic had caused Sheraton to reduce its

staff, including within its legal department.[1] Denner was unable to elaborate further; instead, he

noted that he was filling in for his partner Jeffrey Douglas ("Douglas") and that the latter was on

paternity leave. At my request, Douglas then joined the conference call. He sought to explain the

failure to take Jackson's deposition by noting his recent paternity leave and the constraints arising

from the pandemic. *See id.*

In discussing whether denying the request would prejudice Sheraton, I noted, and Douglas

agreed, that Sheraton already knows the essence of Jackson's factual allegations.[2] Thus, the only

practical difference that taking Jackson's deposition might make would be its effect, if any, on

Sheraton's ability to move for summary judgment. But as Douglas candidly acknowledged, this case

turns on a factual dispute that likely cannot be resolved by motion practice. Sheraton would

therefore suffer no undue prejudice if I did not grant its untimely request; on the other hand,

allowing the belated deposition would likely lead Sheraton to impose on the parties and the court the

burdens of litigating and resolving a pointless (and apparently meritless) dispositive motion. While

such needless burdens are never desirable, they are a greater problem in the context of a case in

which an indigent party may well be dissuaded from seeking to vindicate her perceived rights simply

because it is too expensive or difficult to try. I therefore denied the motion to reopen discovery. *See*

*id.*

---

[1] Neither of the attorneys who have appeared as Sheraton's counsel of record works in Sheraton's legal department; both are employed by an outside law firm. *See* DE 12 at 6; DE 21.

[2] Jackson's *pro se* pleading includes a detailed factual narrative. *See* DE 6 (Amended Complaint) at 5-8. In addition, before I directed the parties to set a discovery schedule, I required Jackson to provide a written, point-by-point narrative of the facts she expects to prove at trial, along with the disclosure of the witnesses and exhibits she would offer to prove each such assertion. *See* DE 19 (case management and scheduling order) ¶ 1(a). Thus, while deposing Jackson would undoubtedly provide Sheraton with a useful dry run of cross-examination, it would do little if anything to protect Sheraton against the virtually non-existent risk of unfair surprise at trial.

Sheraton moved for reconsideration on August 11, 2020. As an alternative, Sheraton asks

that I amend my order of July 28, 2020, to give it an opportunity to seek leave to move for partial

summary judgment. *See* DE 25 (notice of motion); DE 26 (supporting memorandum ("Memo.");

DE 27 ("Douglas Decl."). Jackson filed an opposing affidavit on August 14, 2020. *See* DE 29.

II.      Discussion

Sheraton seeks reconsideration under Local Civil Rule 6.3 as well as relief from my order

denying its oral motion to reopen discovery under Federal Rule of Civil Procedure 60(b). As

explained below, its motion does not satisfy the requirements of either rule.

The decision to grant or deny a motion for reconsideration is within the sound discretion of

the district court. *See Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990); *Dietrich v. Bauer*, 198 F.R.D.

397, 399 (S.D.N.Y. 2001) (*citing Schaffer v. Soros*, 1994 WL 592891, at * 1 (S.D.N.Y. Oct. 31, 1994)); *see*

*also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Under Local Civil Rule 6.3, "a

motion for reconsideration will generally be denied unless the moving party can establish: '(1) that

the court overlooked controlling decisions or data; (2) that there has been a change in decisions or

data; (2) that there has been a change in controlling law; (3) that new evidence has become available;

or (4) that reconsideration is necessary to correct a clear error or prevent manifest injustice.'"

*Orellana v. World Courier, Inc.*, 2010 WL 3420668, at *1 (E.D.N.Y. Aug. 26, 2010) (*citing Hughes v.*

*McWilliams*, 2009 WL 2971757, at *1 (S.D.N.Y. Sept. 16, 2009) (citing *Shrader*, 70 F.3d at 257))

(counting error in original).

"Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a judgment for

mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud." *Manigaulte v. C.W.*

*Post of Long Island Univ.*, 2010 WL 11632629, at *2 (E.D.N.Y. Dec. 10, 2010) (citing Fed. R. Civ. P.

60(b)). The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be

3

granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d

Cir. 1986); *accord United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994). "Mere dissatisfaction

in hindsight with choices deliberately made ... is not grounds for finding the mistake, inadvertence,

surprise or excusable neglect necessary to justify Rule 60(b)(1) relief." *Id.* at 62. A motion to

reconsider should not be granted where the moving party seeks solely to relitigate an issue already

decided. *Shrader*, 70 F.3d at 257.

In seeking reconsideration, Sheraton does not present any newly discovered evidence or

exceptional circumstances I had overlooked. Instead, Douglas – one of Sheraton's attorneys, but not

the only one – reports that he faced challenging personal circumstances arising from one child's

illness as of June 26, 2020, and the birth of another child several weeks later. *See* Douglas Decl. ¶¶ 8-

14. Those circumstances are unquestionably difficult, but the details Douglas now provides do not

add anything of substance to the more generalized description of these personal challenges that he

provided on July 28, 2020. As a result, the information does not support Sheraton's request for

relief. Moreover, Sheraton's reliance on the challenges that one of its attorneys began to face in late

June 2020 serves only to highlight its failure to take any action to vindicate its interest in deposing

Jackson during the preceding three months – when the parties knew they had a limited time to

complete discovery and counsel faced none of the impediments Sheraton now cites in doing so.

That failure to act in a timely manner to complete discovery is consistent with Sheraton's

prior conduct in this case. Sheraton pointedly notes that it has previously acceded to Jackson's

request for an adjournment of a discovery deadline. *See* Memo. at 2; Douglas Decl. ¶ 6. It neglects to

mention, however, that the need for that extension arose from Sheraton's failure to serve timely

discovery requests. *See* DE 22. Thus, granting Sheraton's request for further delay will only excuse its

own dilatory conduct to the disadvantage of a plaintiff who, despite a lack of representation, has

consistently discharged her own discovery obligations. Accordingly, while I am sympathetic to attorney Douglas's personal circumstances, the instant motion  implicates other interests: Sheraton's long-standing failure to comply with discovery deadlines – a failure that pre-dates the challenges facing one of its attorney on which it purports to rely – and Jackson's consistent compliance with her own obligations in an effort to secure the speedy resolution of the merits of her claims. I therefore deny the motion for reconsideration or relief from the order of July 28, 2020.

As an alternative to reconsideration, Sheraton asks that I amend the order of July 28, 2020, so that it will have an opportunity to request leave to file a motion for summary judgment. The request is a *non sequitur* because I have not prohibited Sheraton from seeking leave to file a motion for summary judgment. Rather, the order at issue notes no more than that "[n]o party is in a position to request leave to file a motion for summary judgment" – a characterization of the case's procedural posture and the applicable legal standard with which Sheraton's counsel then agreed. *See* DE 24; Fed. R. Civ. P. 11, 56. Sheraton is of course free to seek leave to file a motion for summary judgment, but in doing so it risks the consequences that are always attendant to a request for relief to which the moving party knows – and that its counsel has already acknowledged on the record – that it has no legal right.

To the extent Sheraton's alternative request is not moot, I deny it. Sheraton predicates the request on a disavowal of the concession its counsel made on the record; namely, that this case presents genuine issues of material fact that preclude summary disposition. There is no reason to grant Sheraton reconsideration simply because it has contradicted its own previously stated position.

III.     <u>Conclusion</u>

For the reasons set forth above, I deny the motion for reconsideration.

SO ORDERED.

Dated:  Brooklyn, New York
        September 18, 2020

                                              _____/s/_____
                                              James Orenstein
                                              U.S. Magistrate Judge